[Cite as *Barclay v. Haney*, 2012-Ohio-5646.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

MICHELLE C. BARCLAY

     Appellee

     v.

MARTIN HANEY

     Appellant

C.A. No.     26395

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     2011-08-2512

DECISION AND JOURNAL ENTRY

Dated: December 5, 2012

---

MOORE, Presiding Judge.

{¶1} Defendant-Appellant, Martin Haney, appeals from the March 14, 2012 judgment entry of the Summit County Court of Common Pleas, Division of Domestic Relations, which granted Plaintiff-Appellee, Michelle Barclay, a civil protection order against him. We affirm.

I.

{¶2} Mr. Haney and Ms. Barclay lived together for a year or so in Ohio. When the relationship ended, Mr. Haney made repeated phone calls to Ms. Barclay, claiming that she owed him money. He also "spoofed" her phone, making it appear that other people were calling her, or that she had called his phone. She moved to Massachusetts briefly and obtained a CPO against him there, which later was dismissed.

{¶3} Having returned to Ohio, on August 23, 2011, Ms. Barclay filed a petition for a civil protection order ("CPO") against Mr. Haney in the Common Pleas Court of Summit County, Ohio, pursuant to R.C. 3113.31. In her petition, Ms. Barclay alleged that Mr. Haney had

been continually stalking her since April of 2011. Based upon this allegation, the trial court granted her an ex parte CPO, and scheduled the matter for a full hearing on the merits.

{¶4} At the hearing on the merits, Ms. Barclay testified that Mr. Haney would not accept their breakup, and would constantly text and call her on the telephone. Even after she moved to Massachusetts for the summer, she testified that his texts and calls did not stop, so she decided to change her telephone number. After changing her telephone number, the "barrage of phone calls and texts" started again. Further, Ms. Barclay testified and provided evidence that Mr. Haney (1) created fictitious people to contact her, such as an attorney named Robert Wycoff, and a therapist named Elaine Chesire, (2) left messages with a computer-generated voice for her to contact him, (3) "spoofed" her by disrupting the caller ID on her telephone to mask the actual incoming telephone number (i.e. caller ID would show 40-50 incoming calls a day from the Gloucester, Massachusetts Police Department when it was actually Mr. Haney), (4) emailed her mother regarding their relationship, (5) stalked her on Facebook, and (6) hacked into her Facebook and email accounts. When questioned about her level of emotional distress, Ms. Barclay testified:

> It wreaks havoc on me. I don't sleep well. Every sound, every time the dogs bark I wake up. I walk the [sic] parameters. I have extra locks installed. I have security cameras. I'm always on edge of my living situation.
>
> I can't even park at the state park because I'm afraid he'll find me there. I have to park somewhere else. I constantly am living under a veil of fear, under a veil of fear.

{¶5} Mr. Haney moved to dismiss Ms. Barclay's petition on the basis of res judicata. Ms. Barclay admitted that, in August of 2011, she was granted "a restraining order" in Gloucester, Massachusetts. The record before us includes a copy of a Gloucester District Court "abuse prevention order" dated September 30, 2011. The abuse prevention order indicates that a

prior order of the court had been vacated, and that the current order expired on November 14, 2011, the date of the next hearing. Further, Ms. Barclay introduced an affidavit from Robert A. Murray, an attorney licensed in the State of Massachusetts, which stated:

> \* \* \*
>
> On September 30, 2011, I appeared in the Gloucester District Court in Massachusetts on a matter entitled, <u>Michelle Barclay v. Martin Haney</u>.
>
> The matter to be heard was, whether or not a Restraining Order, which was in place, should be vacated.
>
> The Honorable Judge Morie determined that because there was a protection order in Ohio, the Massachusetts order was found to be [duplicative] and it was therefore [] vacated.
>
> \* \* \*

The Summit County magistrate overruled Mr. Haney's motion, concluding that the Gloucester, Massachusetts order had been dismissed because "there can't be two civil protection orders in effect." Further, the record is devoid of any evidence that a final, appealable order ever existed in the matter before the Gloucester District Court.

{¶6} On December 7, 2011, the magistrate granted Ms. Barclay's CPO, and the trial court adopted the same, prohibiting contact by Mr. Haney. Mr. Haney filed his first set of objections, which the trial court overruled. Mr. Haney then filed a motion to vacate, which the trial court granted. Mr. Haney filed supplemental objections, and Ms. Barclay filed a response. On March 14, 2012, the trial court issued a journal entry overruling Mr. Haney's objections, and adopting the December 7, 2011 CPO as an order of the court.

{¶7} Mr. Haney timely appealed, and raised one assignment of error for our consideration.

II.

**ASSIGNMENT OF ERROR**

THE COURT ERRED BY FAILING TO APPLY THE DOCTRINE OF RES JUDICATA TO THE CLAIMS OF THE PETITIONER.

{¶8}    In his sole assignment of error, Mr. Haney argues that the trial court erred in failing to apply the doctrine of res judicata to the claims set forth in Ms. Barclay's petition. Specifically, Mr. Haney contends that res judicata should bar Ms. Barclay's claims because nothing in the record indicates that the Gloucester District Court order was dismissed without prejudice.

{¶9}    "The doctrine of res judicata bars all subsequent action based upon any claim arising out of a transaction or occurrence that was previously decided as a *final and valid judgment* in a prior action." (Emphasis added.) *Moore v. Moore*, 9th Dist. No. 02CA0071, 2003-Ohio-3789, ¶ 7, citing *Harris v. Lorain*, 9th Dist. No. 02CA008099, 2003-Ohio-530, ¶ 15.

{¶10}   As stated above, the record is devoid of any evidence that a final, appealable order *ever* existed with regard to Ms. Barclay's petition before the Gloucester District Court.  The September 30, 2011 abuse protection order indicates that the Gloucester District Court vacated its previous order, extended its *temporary order* to November 14, 2011, and set a hearing for November 14, 2011.  Further, the trial court found that the Gloucester order was "dismissed without prejudice."  Based upon the record before us, we cannot say that the trial court erred by allowing Ms. Barclay's claims in her August 23, 2011 petition because there is no evidence that the dismissal without prejudice constituted a final and valid judgment in the Gloucester District Court.

{¶11}   Mr. Haney's assignment of error is overruled.

III.

**{¶12}**  In overruling Mr. Haney's sole assignment of error, the judgment of the Summit County Court of Common Pleas, Division of Domestic Relations, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

CARR, J.
BELFANCE, J.
CONCUR.

APPEARANCES:

MARTIN HANEY, pro se, Appellant.

PAUL E. ZINDLE, Attorney at Law, for Appellee.